**William R. HANCOCK, individually and as Trustee of Hancock and Company, Inc. Profit Sharing Trust, under trust instrument April 3, 1993, Plaintiff-Appellant,**

v.

**KULANA PARTNERS, LLC, a Hawaii Limited Liability Company; et al., Defendants-Appellees.**

No. 14-15233

United States Court of Appeals, Ninth Circuit.

Argued and Submitted October 20, 2016, Honolulu, Hawaii

FILED JUNE 09, 2017

Timothy Joseph Hogan, Attorney, Honolulu, HI, for Plaintiff-Appellant.

Jade Lynne Ching, Attorney, Nakashima Ching LLC, Honolulu, HI, John S. Rhee, Esquire, Attorney, Alston Hunt Floyd & Ing, Honolulu, HI, for Defendant-Appellee Kulana Partners, LLC.

Eric Blake Levasseur, Esquire, Royce Robert Remington, Attorneys, Hahn, Loeser & Parks, LLP, Cleveland, OH, for Defendant-Appellee Fidelity National Title and Escrow of Hawaii, Inc.

Before: WALLACE, FARRIS, and WATFORD, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

## ORDER

The mandate issued in this case is hereby RECALLED. We WITHDRAW our previous memorandum disposition filed on November 7, 2016 (Dkt. 37) and replace it with the one filed concurrently with this order.

**IT IS SO ORDERED.**

## MEMORANDUM *

William R. Hancock appeals from the district court's judgment dismissing his claims for declaratory relief, injunctive relief, and trespass and ejectment. We have jurisdiction pursuant to 28 U.S.C. § 1291. Having reviewed the relevant materials, we believe that a clarification of Hawaii law would resolve this case. Accordingly, we vacate the judgment and remand to the district court with instructions to certify the following questions to the Hawaii Supreme Court pursuant to Hawaii Rule of Appellate Procedure 13:

1. Whether a claim relating to a forged deed is subject to the statute of limitations for fraud?

2. Whether the recording of a deed provides constructive notice in an action for fraud?

We are mindful that our framing of these questions does not limit the Hawaii Supreme Court's "consideration of any issues that it determines are relevant" and that "it may in its discretion reformulate the question[s]." *Cornhusker Cas. Ins. Co. v. Kachman*, 514 F.3d 982, 989 (9th Cir. 2008).

**VACATED AND REMANDED.**

by Ninth Circuit Rule 36-3.